**Jian Wei TANG, Petitioner,**

v.

**US DEPT. OF JUSTICE; John Ashcroft, Attorney General, Respondents.**

**Nos. 00–4228 (L), 01–4038(CON).**

United States Court of Appeals, Second Circuit.

Jan. 23, 2003.

Bruno Joseph Bembi, Law Office of Bruno Joseph, Bembi, Hempstead, NY, for Petitioner.

Megan Lynn Brackney, U.S. Attorney's Office, Southern District of NY, New York, NY, for Respondents.

PRESENT: F.I. PARKER, STRAUB, and SACK, Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 23rd day of January, Two Thousand and Three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decisions of the Board of Immigration Appeals ("BIA") are AFFIRMED.

This is a consolidated appeal wherein Petitioner Jian Wei Tang seeks review of the BIA's denial of his application for asylum and withholding of deportation and denial of his motion to reopen proceedings in light of new evidence. Petitioner's principal argument is that he established, by sufficient evidence, past persecution and a well-founded fear of future persecution against him by the Chinese government for participating in pro-democracy demonstrations in 1989. Petitioner maintains that his evidence of persecution—alleging various forms of adverse employment actions and workplace tensions—established a prima facie showing of his refugee status for purposes of obtaining asylum under 8 U.S.C. § 1158. Petitioner further argues that the BIA erred as a matter of law in denying his motion to reopen the proceedings after determining that the evidence presented in support of this motion was not previously unavailable, as required by 8 C.F.R. § 3.2(c)(1) (2001). We disagree with Petitioner's position in its entirety.

On direct review from the BIA, we review the BIA's findings under a "substantial evidence" test, *Melgar de Torres v. Reno*, 191 F.3d 307, 312–13 (2d Cir.1999), and, in so doing, must pay considerable deference to the BIA's denial of asylum, *Immigration & Naturalization Serv. v. Elias–Zacarias*, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Indeed, this Court may reverse the BIA's denial of asylum only if an applicant's evidence compels a contrary holding. *Id.* In this context, then, Petitioner must show that his evidence, in light of all credibility determinations as well as all reasonable evidentiary inferences, could only be construed as having established past persecution against him or as demonstrating a well-founded fear of future persecution based on, among other things, Petitioner's political opinions, affiliations, and activities. *See Zhang v. Slattery*, 55 F.3d 732, 738 (2d Cir.1995), *cert. denied,* 516 U.S. 1176, 116 S.Ct. 1271, 134 L.Ed.2d 217 (1996) (citations omitted). This, according to the BIA, Petitioner failed to do.

We agree that Petitioner failed to demonstrate that he sustained any past physical persecution, that the adverse employment actions constituted "a deliberate imposition of *substantial* economic disadvantage," *Guan Shan Liao v. United States Dep't of Justice*, 293 F.3d 61, 70 (2d Cir.2002) (emphasis added) (quotations and internal quotation marks omitted), for purposes of establishing prior economic persecution, or that his participation and subsequent expatriation create an acute and continuing risk that he would be targeted for persecution should he return to China, *see Osorio v. Immigration & Naturalization Serv.*, 18 F.3d 1017, 1031 (2d Cir.1994). Petitioner's failure to establish past persecution or to demonstrate a well-founded fear of future persecution for purposes of asylum precludes any finding that the BIA erred in denying Petitioner's application for a withholding of deportation. *See Zhang*, 55 F.3d at 738 ("An applicant who has failed to satisfy the requirements for asylum has necessarily failed to satisfy the requirements for withholding of return.").

Additionally, reviewing the BIA's denial of a motion to reopen for abuse of discretion, *see Immigration & Naturalization*

*Serv. v. Doherty,* 502 U.S. 314, 322, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992), we conclude that the BIA did not abuse its discretion in finding that the motion was not based on previously unavailable evidence, as required by 8 C.F.R. § 3.2© (1) (2001). Evidence that Tang's wife was forced to undergo an abortion because of Tang's political activities was both previously available to Tang, and relevant to the determination of refugee status pursuant to 8 U.S.C. § 1101(a)(42). *See Matter of Chang,* 20 I. & N. Dec. 38, 44 (BIA 1989). For the reasons stated above, the decisions of the BIA are AFFIRMED.